# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JIMMIE R. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:13CV1048 SNLJ |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's submission of a complaint under the Social Security Act, 42 U.S.C. § 405(g).  The Court is required to review all pleadings to determine whether subject matter exists.  Fed. R. Civ. P. 12(h)(3).  Upon review of the case file, it appears that subject matter is lacking because the Commissioner of Social Security has not issued a final decision regarding Williams's claim for benefits.  As a result, the Court will direct plaintiff to show cause why this action should not be summarily dismissed.

Plaintiff has submitted the decision of the Order of Appeals Council that he wishes to appeal.  The Appeals Council found that plaintiff was a proper class member under Clark v. Astrue, No. 06-CV-15521 (S.D.N.Y. 2012).  As such, the Appeals Council vacated part of the ALJ's ruling below and remanded the case to the

local Social Security office for a revised decision.  As a result, the Appeals Council's decision was not a "final" ruling on plaintiff's benefits, and this Court lacks jurisdiction to hear this action under 42 U.S.C. § 405(g).

Plaintiff shall have fourteen days from the date of this Memorandum and Order to show cause why this action should not be summarily dismissed for lack of subject matter jurisdiction.  If plaintiff fails to adequately show cause, the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff has fourteen (14) days from the date of this Memorandum and Order to show cause why this action should not be summarily dismissed for lack of subject matter jurisdiction.

Dated this <u>5th</u> day of June, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE